UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZENERGY INTERNATIONAL, INC. ET AL.,<br><br>Defendants. | Civil Action No. 13-C-5511 |

## UNOPPOSED MOTION FOR ENTRY OF A PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT ROBERT J. LUITEN

Defendant Robert J. Luiten ("Luiten") agreed to settle this matter with the Securities and Exchange Commission ("SEC" or the "Commission") in part. Accordingly, the Commission respectfully moves this Court for entry of the proposed order attached as Exhibit 2 ("Proposed Order"). As reflected in Exhibit 1, Defendant Luiten consents to the entry of the Proposed Order. In support of the Motion, the SEC states as follows:

1. On August 1, 2013, the Commission filed a complaint against Defendants Zenergy International, Inc. ("Zenergy"), Bosko R. Gasich ("Gasich"), Robert J. Luiten ("Luiten"), Scott H. Wilding ("Wilding"), Skyline Capital, Inc. ("Skyline Capital"), Diane D. Dalmy ("Dalmy"), Ronald Martino ("Martino") (collectively, "Defendants"), and Relief Defendant Market Ideas, Inc. ("Market Ideas") for violation of the federal securities laws.[1]

---

[1] The Commission simultaneously filed a parallel complaint against other defendants who are not a party to this action, including Nenad Jovanovich, Accelerated Innovations, LLC, Kymberly A. Nelson, Sky's the Limit Consulting, LLC, Javorka L. Gasic, Diana Bozovic, Dale J. Baeten, Investing in Stock Market, Inc., Midwest Stock Consulting, Inc., Charles C. Bennett, George E. Bowker, III, and Vertical Group Holdings, LLC. SEC v. Jovanovich, No. 13-CV-5513 (N.D. Ill. filed Aug. 1, 2013). The defendants in the Commission's parallel complaint have agreed to settle the action against them in full.

1

2. In the Complaint, the Commission alleges that Defendants participated in a pump-and-dump scheme orchestrated by Defendant Gasich, one of the founders and principal shareholders of Defendant Zenergy. Defendant Zenergy is a company headquartered in Chicago, Illinois that purported to be in the business of selling and producing biofuels. Defendant Zenergy's stock is quoted on the over-the-counter market.

3. According to the Complaint, in June 2009, Defendant Gasich caused Defendant Zenergy to enter into a reverse merger with Paradigm Tactical Products, Inc. ("Paradigm"), a publicly traded shell entity. Shortly before the merger, Defendant Gasich prepared a backdated convertible note for a $30,000 debt purportedly owed to him by Defendant Zenergy. Paradigm agreed to assume this debt and to issue shares of its common stock to settle the debt as partial consideration for the reverse merger.

4. The Commission further alleges that Defendant Gasich then assigned this purported debt to his family and friends, Nenad Jovanovich, Kymberly A. Nelson, Javorka L. Gasic, and Diana Bozovic; stock promoters, including Defendant Wilding; associates of Paradigm; and counsel, Defendant Dalmy; and caused Paradigm to issue 300 million shares of purportedly unrestricted stock to these assignees.

5. In the Complaint, the Commission also alleges that Defendant Dalmy, who served as transaction counsel for the reverse merger and sold shares herself, issued opinion letters to transfer agents and others that improperly concluded that these shares were unrestricted and could be sold immediately.

6. The Commission further alleges that Defendant Gasich and the promoters then conducted two promotional campaigns to generate investor interest in Zenergy. The campaigns used misleading press releases and financial disclosures reviewed and approved by Defendant

Gasich and Zenergy's Chief Executive Officer, Defendant Luiten, and touts by individuals who failed to disclose the compensation received for promoting Zenergy stock, including Dale J. Baeten, Charles C. Bennett, and George E. Bowker, III, and Defendant Martino. The promotional activity induced members of the investing public to buy Zenergy stock and increased Zenergy's share price.

7. According to the Complaint, Defendant Gasich, his assignees, and their associates then sold their shares into the public market for illicit profits totaling at least $4.4 million.

8. Finally, the Complaint alleges that Relief Defendant Market Ideas, an entity controlled by Gasich, and Vertical Group Holdings, LLC, received or benefited from the registration violations and fraudulent conduct described above and that the funds are the proceeds, or are traceable to the proceeds, of the unlawful activity alleged above.

9. As a result of the conduct described in the Complaint, the Commission alleges that Defendants Zenergy, Gasich, Wilding, Skyline Capital, and Dalmy violated Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and (c), and that Defendant Wilding violated a Commission cease-and-desist order previously issued against him.

10. The Commission further alleges that Defendant Zenergy violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and that Defendants Gasich and Luiten also violated these provisions, or in the alternative, aided and abetted or are liable as control persons for Defendant Zenergy's violations of these provisions, 15 U.S.C. § 78t.

11. In addition, the Commission alleges that Defendant Martino violated Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b).

12. The Commission also names Relief Defendant Market Ideas as a relief defendant.

13. The Complaint seeks permanent injunctions, penny stock bars, and disgorgement and prejudgment interest against Defendants, civil penalties against all Defendants other than Defendant Zenergy, officer and director bars against Defendants Gasich and Luiten, and disgorgement and prejudgment interest against Relief Defendant Market Ideas.

14. After the filing of the Complaint, Defendant Luiten agreed to resolve this matter with the SEC in part by consenting to the relief requested in the Proposed Order, attached as Exhibit 2.

15. The Proposed Order permanently enjoins Defendant Luiten from violating Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and imposes a penny stock bar and officer and director bar. The Proposed Order also imposes on Defendant Luiten disgorgement with prejudgment interest and civil penalties, with the amount of disgorgement, prejudgment interest, and penalties to be determined by the court upon motion by the Commission.

16. The entry of the Proposed Order obviates the need for a permanent injunction hearing and conserves judicial resources.

17. The Proposed Order has been reviewed and approved by Defendant Luiten.

18. Defendant Luiten waived service of a summons and the complaint in this action and admitted the Court's jurisdiction over him and over the subject matter of this action. Ex. 1, Gasich Consent ¶ 1.

19. Without admitting or denying the factual allegations, except jurisdiction and for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, which he admits, Defendant Luiten does not oppose this motion.

WHEREFORE, the SEC respectfully moves this Court to enter the Proposed Order as to Defendant Luiten.

Grant such other and further relief as the Court deems just and appropriate.

Dated:  December 11, 2013                                  Respectfully submitted,

                                                      s/   Daniel J. Hayes

                                                      Daniel J. Hayes (hayesj@sec.gov)
                                                      Paul M. G. Helms (helmsp@sec.gov)
                                                      U.S. Securities and Exchange Commission
                                                      175 West Jackson Boulevard, Suite 900
                                                      Chicago, Illinois 60604
                                                      Telephone:  (312) 353-7390
                                                      Facsimile:  (312) 353-7398

                                                      *Attorneys for Plaintiff U.S. Securities and Exchange Commission*

# CERTIFICATE OF SERVICE

Daniel J. Hayes, an attorney, hereby certifies that he will cause a copy of the foregoing Unopposed Motion for Entry of a Permanent Injunction and Other Relief Against Defendant Robert J. Luiten to be filed with the Clerk of the Court via the Court's ECF system, which automatically sends copies of this document to counsel of record. Service is also being made on the following parties:

Zenergy International, Inc.
Attn: Robert J. Luiten, CEO
4450 Copeland Island Road
Mobile, AL  36695

Scott H. Wilding and Skyline Capital Investments, Inc.
Scott H. Wilding, President
2581 Lake View Court, Unit C
Cooper City, FL  33026

Robert J. Luiten
4450 Copeland Island Road
Mobile, AL  36695

Ronald Martino
227 Selma Street
Cranson, RI  02920

Bosko R. Gasich and Market Ideas, Inc.
10 East Ontario Street, #3809
Chicago, Illinois  60611

by express United Parcel Service this 11th day of December 2013.

                                                s/   Daniel J. Hayes