**UNITED STATES DISTRCIT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SECURITES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

ZENERGY INTERNAITONAL, INC., et al.,

       Defendants.

Civil Action No. 1:13-cv-5511

**DEFENDANT DIANE DALMY'S RESPONSE TO MOTION FOR ORDER**
**ESTOPPING DEFENDANT FROM CONTESTING AGENCY FINDINGS**

    Defendant Diane D. Dalmy ("Dalmy"), through her attorneys, hereby submits her response to Plaintiff Securities and Exchange Commission's ("SEC") motion for an order estopping Defendant from Contesting Agency Findings, as follows:

**INTRODUCTION**

    The SEC has jumped back and forth between this Court and its in-house administrative court, using the decisions of one forum as leverage in the other. There is no precedent permitting such conduct and this Court should not countenance it.

**RELEVANT FACTS**

    In August 2013, the SEC filed a complaint against Dalmy in this Court. It could have brought its case against Dalmy administratively, but chose this Court instead. This Court granted summary judgment on liability in favor of the SEC on September 30, 2015. On November 13, 2015, the SEC filed a motion asking this Court to impose various remedies against Dalmy. The parties completed briefing the remedies issue on January 10, 2016. Whether Dalmy acted with scienter was a focus of the parties' briefing.

In December 2015, before the parties completed their remedies briefing in this Court, the SEC opened an administrative proceeding against Dalmy in its in-house administrative court, claiming it was entitled to certain relief based on this Court's September 2015 summary judgment order.

In April 2016, the SEC filed a motion for summary disposition in its in-house court, repeating many of the arguments it made in the briefs it submitted to this Court just a few months earlier. In July 2016, the SEC's in-house administrative court sided with the SEC, as it almost always does, finding that Dalmy acted with scienter and imposing crippling penalties against her.

The SEC now seeks to use its in-house court's ruling to prevent this Court from considering Dalmy's arguments regarding scienter.

## ARGUMENT

### A.  *B & B Hardware* has never been applied to the SEC.

The SEC's argument rests on the decision in *B & B Hardware, Inc. v. Hargis Indus., Inc*., 135 S.Ct. 1293 (2015). The holding in *B & B Hardware* related to a dispute between two private parties that was resolved before the Trademark Trial and Appeal Board. *Id.* The Trademark Trial and Appeal Board was not a party to the case. Here, by contract, the SEC itself is the plaintiff. The SEC decided to pursue this case and file a complaint in this Court. It is now is using its own tool, *i.e.,* its in-house administrative court, to prevent this Court from considering arguments it would otherwise be permitted to consider.

The SEC is different even from other administrative agencies that might be a party to a case because here, the SEC is pursuing its case against Dalmy on its own, without even a complaining witness or an aggrieved investor or market participant.

**B.      Issue preclusion does not apply in reverse order.**

The SEC essentially argues that if this Court had made its remedies determination before September 2016, when the SEC's in-house ruling became final, this Court would have been permitted to consider Dalmy's arguments relating to scienter. But because its in-house court beat this Court to the punch, this Court cannot consider Dalmy's arguments. There is no precedent for the SEC's claim. It is improper to apply issue preclusion in an unusual scenario such as this, where the SEC initiated a case in this Court and, while this case was pending, it went to its own in-house administrative court to obtain a determination—based on this Court's summary judgement order—that will prohibit this Court from considering certain arguments. In *B & B Hardware,* the administrative case was initiated and concluded *before* the district court case, not after the district court case began. *Id.*, at 1297.

Similar to the case in *B & B Hardware,* the very cases the SEC cites make it clear that issue preclusion based on an administrative proceeding is applicable only where the *original* action was before the administrative agency. *Frye v. United Steelworkers of America*, 767 F.2d 1216, 1219-20 (7th Cir. 1985); *Florian v. Sequa Corp.*, 2001 WL 1002504, *2 (N.D. Ill. Aug. 29, 2001) (Gottschall, J.). Here, the original action was before this Court, not the SEC.

**C.      Collateral estoppel does not apply to this case.**

Even if *B & B Hardware* could be applied here, issue preclusion is not appropriate in this case because offensive use of collateral estoppel would prejudice Dalmy. Whether offensive collateral estoppel can preclude a defendant from litigating an issue is within the broad discretion of the trial court. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S. Ct. 645, 650, 58 L. Ed. 2d 552 (1979) (sanctioning non-mutual collateral estoppel). The "general rule" is that "where the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel." *Id.* at 331. The Supreme Court explained that "offensive use

of collateral estoppel does not promote judicial economy in the same manner as defense use does." *Id.* at 329. "Offensive use of collateral estoppel…may be unfair to a defendant… [including situations where] the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result." *Id.* at 330-31.

That is precisely the case here, where the SEC utilized its in-house administrative proceeding to obtain a finding of scienter against Defendant Dalmy. Courts and even the SEC have recently recognized the inadequacies of SEC administrative proceedings against defendants. *Duka v. U.S. SEC*, 15 CIV. 357 RMB SN, 2015 WL 5547463, at \*13 (S.D.N.Y. Sept. 17, 2015). Many believe the SEC's in-house court system that rules in favor of the SEC more than 90% of the time,[1] is unduly biased toward the SEC. *SEC Faces New Attack on In-House Judges,* WSJ, Oct. 21, 2015, http://blogs.wsj.com/moneybeat/2015/10/21/sec-faces-new-attack-on-in-house-judges/. The SEC's own General Counsel acknowledged that it is fair to question the fairness of the SEC's rules for administrative proceedings.[2]

Although in *Parklane,* the court did permit use of collateral estoppel, this case is different, as the administrative proceeding did not offer the same procedural opportunities as this Court. Here, offensive collateral estoppel would be prejudicial to Dalmy.

## **CONCLUSION**

For the foregoing reasons, Diane Dalmy requests that the Court deny the SEC's Motion for estopping Dalmy from disputing the issue of scienter before this Court.

---

[1] "SEC Wins with In-*House* Judges," WSJ, Jean Eaglesham (May 15, 2015)

[2] Daniel Wilson, *SEC Administrative Case Rules Likely Out Of Date, GC Says,* LAW360, June 17, 2014, *available at http://www.law360.com/banking/articles/548907*

Respectfully submitted,

Defendant Diane D. Dalmy
By: /s/___Howard Rosenburg
          One of her attorneys

Howard J. Rosenburg (#6256596)
Kopecky Schumacher Rosenburg PC
120 N. LaSalle St., Ste. 2000
Chicago, IL 60602
Phone: (312) 380-6631

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on October 31, 2016 he caused true and correct copies of the foregoing to be served upon all counsel of record via the Court's CM/ECF System.

/s/  Howard Rosenburg